**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION**

KENNETH RAY BENTON PITTS
ADC #85938                                                                                    PLAINTIFF

V.                                        NO: 4:06CV00475 GTE/HDY

PAMELA JOHNSON *et al.*                                                         DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge G. Thomas Eisele. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff, currently incarcerated at the Cummins Unit of the Arkansas Department of Correction ("ADC"), filed this *pro se* complaint on April 17, 2006, alleging that Defendants violated his constitutional rights by denying him access to medical treatment and to his medications. It appears that Plaintiff's primary complaint is that he was denied medication that he had been prescribed by a free world physician to treat his blood pressure. Now pending before the Court are motions for summary judgment, statements of fact, and briefs in support filed by Defendants Carl Johnson, M.D. (docket entries #83-#85), and Pamela Johnson and Sarah Speer (docket entries #86-#88). Plaintiff has filed responses to both motions (docket entries #90 & #91). Also pending is Plaintiff's motion to amend (docket entry #89).

### I. Standard of Review

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986)).

## II. Analysis

The claims at issue in the pending motions for summary judgment arose while Plaintiff was being held at the Pulaski County Regional Detention Facility ("PCRDF"). Carl Johnson, a physician who contracts with the PCRDF to provide medical care to inmates, asserts that he was aware that Plaintiff's blood pressure was being monitored, and that he saw Plaintiff on four separate occasions and determined that no medical intervention was necessary. Pamela Johnson, a PCRDF nurse practitioner, examined Plaintiff and prescribed various medications. Pamela Johnson and Speer, the health services administrator, also note that Carl Johnson examined Plaintiff and determined no medical intervention was necessary. The two motions will be considered separately, as will Plaintiff's pending motion to amend his complaint to add another party.

### A. *Defendant Carl Johnson*

It appears that Plaintiff was a pre-trial detainee at the time of the events at issue in both motions for summary judgment. A pre-trial detainee's medical care claims are properly assessed

under the Due Process Clause, which affords at least as much protection as prisoners receive under the Eighth Amendment. *See Hartsfield v. Colburn*, 371 F.3d 454, 456-57 (8th Cir. 2004). In his complaint, Plaintiff is essentially asserting that Defendants were deliberately indifferent to his medical needs. The Eighth Amendment's proscription of cruel and unusual punishment obligates prison officials to provide adequate medical care to inmates in their custody. *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976). To succeed with an inadequate medical care claim, a plaintiff must allege and prove that: (1) he had objectively serious medical needs; and (2) prison officials subjectively knew of, but deliberately disregarded, those serious medical needs. *Dulany v. Carnahan*, 132 F.3d at 1239. Additionally, the Eighth Circuit has held that a "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). However, "'Grossly incompetent or inadequate medical care can constitute deliberate indifference, as can a doctor's decision to take an easier and less efficacious course of treatment.'" *Warren v. Fanning*, 950 F.2d 1370, 1373 (8th Cir. 1991) (quoting *Smith v. Jenkins*, 919 F.2d 90, 93 (8th Cir. 1990)).

According to an affidavit he submitted (docket entry #83), Carl Johnson personally examined Plaintiff on four occasions while he was at PCRDF, and was aware of Pamela Johnson's prescriptions, and that Plaintiff's blood pressure was checked at least 35 times between September 2, 2005, and March 31, 2006.[1] Carl Johnson is a physician specializing in internal medication, and, according to his affidavit, Plaintiff was not in need of emergent care, and was prescribed the medications he needed for his conditions during the time he was involved in Plaintiff's treatment.

---

[1]According to an affidavit filed by Defendant Pamela Johnson (docket entry #87-2), Plaintiff was booked into the PCRDF on September 2, 2005, and was released to the custody of the Arkansas Department of Correction on August 14, 2006.

In his response to Carl Johnson's motion, Plaintiff appears to admit that his blood pressure was checked, and that it was good (docket entry #90). It seems that Plaintiff theorizes that Defendants are liable because they confiscated his medications when he was booked into the PCRDF, and because he was not given exactly the same medications he had in the free world, and was not given them immediately. However, it is clear that Carl Johnson examined Plaintiff, and that he was aware that Plaintiff was receiving medication for his condition. In Carl Johnson's opinion, no further or additional care was needed. Although Plaintiff may disagree with his assessment, it is apparent that Carl Johnson did not disregard a serious medical need that Plaintiff had.

Moreover, other than his own statements that Carl Johnson's care was inadequate, Plaintiff has provided nothing in his response to rebut the medical opinion of Carl Johnson that the care provided to Plaintiff was appropriate. *See Dulany v. Carnahan*, 132 F.3d at 1240 (In the face of medical records indicating that treatment was provided, and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that he does not believe he received adequate treatment). Accordingly, Carl Johnson's motion for summary judgment should be granted.

*B. Defendants Pamela Johnson and Sarah Speer*

According to the brief filed by Pamela Johnson and Speer, Plaintiff was initially not given any medication when he arrived at the PCRDF, because there was a lack of objective findings, and the intake nurse was unable to reach Plaintiff's prior health care provider because it was a holiday weekend. However, Plaintiff was referred to the chronic care clinic based on his history. In her affidavit (docket entry #87-2), Pamela Johnson indicates that she saw Plaintiff on September 7, 2005, and prescribed a number of medications. Pamela Johnson did not prescribe a blood pressure medication at that time, because she believed the Lasix she prescribed would control the blood

pressure. Instead, Pamela Johnson ordered that Plaintiff's blood pressure be monitored. Pamela Johnson and Speer contend that Plaintiff's complaint is only a disagreement with the with his medical care, which is not actionable. In his response (docket entry #91), Plaintiff asserts that he was "denied" medical care. Although it appears that Plaintiff was without medications for five days after he was initially booked into the PCRDF, he has failed to introduce any evidence demonstrating any detrimental effect of the delay. When a prisoner claims that a delay in receiving medical treatment amounts to inadequate medical care, he must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment. *Coleman v. Rahja*, 114 F.3d 778, 784 (8th Cir. 1997). Plaintiff has failed to do so.

Speer's role in Plaintiff's treatment is not clear, but it is obvious that Plaintiff received treatments for his conditions, and there is no evidence that she interfered with the treatment that was prescribed. Thus, Plaintiff has not demonstrated that prison officials deliberately disregarded his medical needs, and the motion for summary judgment filed by Pamela Johnson and Speer should be granted.

*C. Motion to amend*

Also pending is Plaintiff's motion to amend his complaint to add allegations against a Lt. Swygant. According to the motion, Swygant confiscated "water pills" during a cell shakedown at the Arkansas Department of Correction's Cummins Unit. It appears that Plaintiff is alleging that his ankles swelled as a result. However, Plaintiff has not alleged that he attempted to obtain another supply from the medical personnel at the facility, and has simply not set forth sufficient facts to indicate that Swygant was otherwise interfering with his treatment. Accordingly, any injunctive relief requested by Plaintiff would be inappropriate. *See Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109, 113 (8th Cir. 1981) (*en banc*) (discussing factors to weigh in considering whether

to grant injunction).  Moreover, Plaintiff makes clear in his motion to amend that he wishes to proceed against Swygant in her official capacity only.  Thus, Plaintiff's proposed amendment is essentially a suit against the state of Arkansas, and, to the extent it seeks damages, is precluded by the Eleventh Amendment.  Therefore, amending Plaintiff's complaint in the manner in which he seeks would be futile.  *See* 28 U.S.C. § 1915A(b) (Court must dismiss a complaint or portion thereof if the prisoner has raised claims that seek monetary relief from a defendant who is immune from such relief).  Accordingly, Plaintiff's motion to amend should be denied.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.      The motion for summary judgment filed by Carl Johnson (docket entry #83) be GRANTED.

2.      The motion for summary judgment filed by Pamela Johnson and Speer (docket entry #86) be GRANTED.

3.      Plaintiff's motion to amend (docket entry #89) be DENIED.

4.      Plaintiff's complaint be DISMISSED WITH PREJUDICE.

5.      The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action be considered frivolous and not in good faith.

DATED this _____20_____ day of February, 2007.

_____
UNITED STATES MAGISTRATE JUDGE